CHARLES M. HILL, SR., Secretary, Department of Local Affairs Development
You have asked whether Wisconsin law now enables Wisconsin communities to be in compliance with the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, P.L. 91-646, hereinafter referred to as the Federal Act.
Except as hereinafter noted, it is my opinion that the state of Wisconsin, its political subdivisions, and its municipal corporations may be in compliance with the Federal Act. *Page 198 
I enclose, and incorporate herein by reference, my formal opinion to the Assembly, which formal opinion discusses the question about which you ask. You will note that the opinion recites the differences between state and federal law, but indicates that, except where specifically stated, these differences would not result in an inability on the part of the state, its political subdivisions or municipal corporations to comply with the Federal Act.
I indicated in this formal opinion that Wisconsin could not be in compliance with the requirement that the acquiring agency pay actual litigation expenses incurred by a landowner in a "right to take" case in which the landowner prevailed. However, subsequently enacted ch. 244, Laws of 1971, removes this defect from the Wisconsin law, so that Wisconsin communities may now be in compliance with this requirement of the Federal Act.
I further noted that there appeared to be doubt whether Wisconsin communities could be in full compliance with sec. 217 of the Federal Act. However, any such doubt has now been removed by the provisions of ch. 244, Laws of 1971, since this law removes the possible legislative deficiency that existed prior to its enactment.
I failed to note in my formal opinion that Wisconsin law contains no provisions for the payment to landowners for actual litigation expenses incurred in "inverse condemnation" cases, and, in this respect, Wisconsin communities may not be in compliance with the Federal Act. A supplemental letter to the Assembly will be issued shortly to correct this omission in my formal opinion.
However, in my opinion, this "noncompliance" is rather inconsequential as inverse condemnation proceedings are extremely rare in Wisconsin.
On page 8 of my formal opinion, I indicated that Wisconsin has no law that would enable compliance with sec. 203 (b) of the Federal Act, providing for the issuance of mortgage insurance. However, I expressed serious doubt whether it was the intent of Congress to make this provision applicable to states. Frankly, I am of the opinion that sec. 203 (b) of the Federal Act is not applicable to states or to the political subdivisions or municipal *Page 199 
corporations thereof. However, in the event it is judicially determined that sec. 203 (b) does apply to states, then Wisconsin is not in compliance with the section.
On page 11 of my formal opinion, I indicated that, insofar as sec. 302 (a) of the Federal Act requires the acquisition of property not actually required for a public improvement against the wishes of the landowner, Wisconsin cannot be in compliance with the Federal Act, since it may not condemn property in excess of that required for the public improvement. However, I consider this "noncompliance" to be technical and, in any event, not inuring to the harm of property owners affected by the taking of property for a public improvement.
As noted on pages 11 and 12 of my formal opinion, I am of the opinion that sec. 302 (b) of the Federal Act requires payment of just compensation to all persons having an interest in the real estate acquired, including tenants, and that Wisconsin law is in accord with this requirement. If sec. 302 (b) is construed as requiring separate payments to tenants and landowners (and I am of the opinion that it does not so require), then Wisconsin would not be in compliance with the section.
In summary, it is my opinion that Wisconsin is in compliance with the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, P.L. 91-646, in all respects with the exception that there is no requirement in Wisconsin that an acquiring agency pay actual litigation expenses incurred by the landowner in a successful inverse condemnation proceeding.
RWW:WHW